# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Fred R. Halcomb, Jr., ) | Case No. 8:19-cv-01095-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Major W. Ocean, Tim Riley, ) | |
| Mr. Desousa, Mr. McCade, Dennis Patterson, ) | |
| Michael McCall, Bryan P. Stirling, ) | |
| Crystal Harrell, Joette Scarborough ) | |
| Salley Elliott, SCDC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on January 31, 2020. (ECF No. 49.) Within the Report, the Magistrate Judge recommends granting in part and denying in part, Defendants' Motion to Dismiss (ECF No. 20). For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 49). Specifically, the court **DISMISSES** (a) Plaintiff's claim for declaratory relief; (b) Plaintiff's claim for injunctive relief; (c) Plaintiff's claims against all Defendants in their official-capacity; (d) All claims against Defendants SCDC, Patterson, Harrell, Scarborough, Elliot, and Desousa; (e) claim 3 for a Fourteenth Amendment violation based on Plaintiff's transfer; and (f) claim 4 for an Eighth Amendment violation based on the conditions and method of transporting Plaintiff to Illinois. The only claim remaining before the court is claims 2, wherein Plaintiff alleges that Defendants Ocean, Riley, and Stirling subjected him to a retaliatory transfer to an out-of-state prison because he engaged in constitutionally protected activities.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 49.) As brief background, Plaintiff, proceeding pro se, filed this action on April 5, 2019, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On July 26, 2019, Defendants filed an Answer to the Complaint (ECF No. 21.) and a Motion to Dismiss (ECF No. 20.) On July 29, 2019, the court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (ECF No. 22.) Plaintiff filed a Response in Opposition on December 6, 2019 (ECF No. 42), and Defendants filed a Reply on December 23, 2019 (ECF No. 47.) On January 23, 2020, Plaintiff's Sur Reply was entered on the docket. (ECF No. 48.).

Plaintiff is a state inmate serving a life sentence for a South Carolina state court conviction. (ECF No. 1 at 10.) After being convicted, Plaintiff was placed in the custody of Defendant South Carolina Department of Corrections ("SCDC") and, at the time relevant to Plaintiff's claims in this action, he was incarcerated in the Substantiated Security Risk ("SSR") unit at the Kirkland Correctional Institution ("Kirkland") in Columbia, South Carolina. (*Id*. at 42.) On August 28, 2017, Plaintiff was informed that he was being transferred to an out-of-state prison in Illinois to serve his sentence pursuant to the Interstate Corrections Compact ("ICC"). (*Id*. at 41–42.) As a result, Plaintiff was transferred to the custody of the Illinois Department of Corrections ("IDOC") and is currently incarcerated at the Statesville Correctional Center in Joliet, Illinois. (*Id*. at 42–44; ECF No. 37.) Plaintiff asserts four causes of action in his Complaint.

First, he asserts an Eighth Amendment claim for cruel and unusual punishment against Defendants Ocean, Riley, Desousa, McCade, Patterson, McCall, and Stirling ("claim 1"). (ECF

No. 1 at 9, 11.) Second, he asserts a First Amendment claim for retaliation against Defendants Ocean, Riley, Patterson, Stirling, and SCDC ("claim 2"). (*Id*. at 9, 28.) Third, he asserts a Fourteenth Amendment claim for denial of due process against Defendants Harrell, Riley, Scarborough, Elliot, Patterson, Stirling, and SCDC ("claim 3"). (*Id.* at 9, 41.) And finally, he asserts an Eighth Amendment claim for cruel and unusual punishment against Defendants Scarborough, Stirling, and SCDC ("claim 4"). (*Id*. at 9, 51.)

The Magistrate Judge filed her Report on January 31, 2020. (ECF No. 49.) Within the Report, the Magistrate Judge addressed each claim within Plaintiff's Complaint. The Magistrate Judge observed that "in his Response in Opposition to the Motion to Dismiss, Plaintiff concedes that claim 4 should be dismissed." (ECF No. 49 citing ECF No. 42 at 3, 41.) The Report also points out that Plaintiff "also consents to dismissal of all official capacity claims except those asserting injunctive relief with respect to Defendants Scarborough and Stirling." (ECF No. 49 citing ECF No. 42 at 3, 41–42.) Finally, Plaintiff "concedes that Defendants SCDC and Patterson should be dismissed." (ECF No. 42 at 4, 57, 62; *see also* ECF No. 48 at 2.) And finally, he withdraws his request for declaratory relief as to all Defendants. (ECF No. 42 at 42; *see also* ECF No. 48 at 2.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court

is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

The parties were apprised of their opportunity to file specific objections to the Report on January 31, 2020. (ECF No. 49.) Objections to the Report were due by February 14, 2020. However, objections were due by February 17, 2020, if a party was served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (*Id.*) Upon review of the record, neither Plaintiff nor Defendants have filed any objections to the Report. Plaintiff has, however, filed a Motion for Extension of Time (ECF No. 51). Plaintiff's Motion for Extension of time to file an objection was filed on February 24, 2020, which is well after the February 14, 2020, and February 17, 2020 deadlines. (*Compare* ECF No. 51, *with* ECF No. 49.) Given that Plaintiff's Extension Motion is untimely, the court need not consider it for purposes of reviewing the Report. *See Taylor v. Gainey*, 203 F. App'x 426, 427 (4th Cir. 2006) ("The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance.").

4

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report and must only discern whether the Report contains clear error. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315. Because specific objections were not filed by either party and the Report does not contain clear error, the court adopts the Report herein. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 49). Therefore, the court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss (ECF No. 20). Specifically, the court **GRANTS** Defendant's Motion insofar as the court **DISMISSES** (a) Plaintiff's claim for declaratory relief; (b) Plaintiff's claim for injunctive relief; (c) Plaintiff's claims against all Defendants in their official-capacity; (d) All claims against Defendants SCDC, Patterson, Harrell, Scarborough, Elliot, and Desousa; (e) claim 3 for a Fourteenth Amendment violation based on Plaintiff's transfer; and (f) claim 4 for an Eighth Amendment violation based on the conditions and method of transporting Plaintiff to Illinois. The court **DENIES** Defendants' Motion insofar as claim 2[1] remains before the court. Plaintiff's untimely Motion for Extension (ECF No. 51) is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

March 6, 2020
Columbia, South Carolina

United States District Judge

---

[1] Wherein Plaintiff alleges that Defendants Ocean, Riley, and Stirling subjected him to a retaliatory transfer to an out-of-state prison because he engaged in constitutionally protected activities.