IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Fred R. Halcomb, Jr., | ) | Civil Action No.: 8:19-cv-01095-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Major W. Ocean, Tim Riley, Mr. McCade, | ) | |
| Michael McCall, Bryan P. Stirling, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Fred R. Halcomb, Jr., a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants The South Carolina Department of Corrections, Dennis Patterson, Crystal Harrell, Joette Scarborough, Salley Elliot, Mr. Desousa, Major W. Ocean, Tim Riley, Mr. McCade, Michael McCall, and Bryan P. Stirling, alleging that they violated his constitutional rights as protected by the First, Eighth, and Fourteenth Amendments to the Constitution of the United States. (*See* ECF No. 1.)

This matter is before the court on Defendants Major W. Ocean, Tim Riley, Mr. McCade, Michael McCall, and Bryan P. Stirling's (collectively "Defendants") Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] (ECF No. 72.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On October 23, 2020, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant Defendants' Motion for Summary Judgment. (*See* ECF No. 96 at 17.) Specifically, the

---

[1] The court observes that it previously dismissed from the action Defendants The South Carolina Department of Corrections, Dennis Patterson, Crystal Harrell, Joette Scarborough, Salley Elliot, and Mr. Desousa. (*See* ECF No. 54 at 5.)

1

Magistrate Judge observed that Plaintiff had (1) failed to submit sufficient evidence to support an Eighth Amendment claim for cruel and unusual punishment based on his conditions of confinement; and (2) conceded to the dismissal of his claim for retaliation based on his transfer to a facility outside the State of South Carolina. (ECF No. 96 at 10, 17.)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The recommendation has no presumptive weight and the responsibility to make a final determination remains with the court. *See id.* The court reviews de novo only those portions of the Report and Recommendation to which specific objections are filed.[2] *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court reviews those portions which are not specifically objected to only for clear error. *See id.* at 316. The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The parties were advised of their right to file objections to the Report. (*See* ECF No. 96-1.) However, none of the parties filed objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the

---

[2] An objection is specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *One Parcel of Real Prop. Known As 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 96), and **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 72).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 15, 2020
Columbia, South Carolina